APPALACHIAN REALTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9685.   Promulgated May 23, 1928.

*E. S. Parker, Esq.*, and *Jesse I. Miller, Esq.*, for the petitioner.
*Julian G. Gibbs, Esq.*, and *Jeff T. Jones, Esq.*, for the respondent.

OPINION.

GREEN: The sole question involved in this proceeding is the determination of the cost to the petitioner of Biltmore Village.

On February 13, 1920, Stephens entered into a contract with the Vanderbilt Estate for the purchase of Biltmore Village at an agreed price of $265,000, later reduced to $263,000. On April 1, 1920, he conveyed to the petitioner, a corporation, all his right, title and interest in said contract together with certain intervening contracts in consideration of which the petitioner reimbursed him for the money already paid the Vanderbilt Estate, assumed the balance of the Vanderbilt Estate contract and issued to him $100,000 par value of its capital stock. We are of the opinion that the circumstances surrounding the sale of Biltmore Village by the Vanderbilt Estate to Stephens on February 13, 1920, preclude us from accepting the $263,000 paid the Estate as the fair market value of the tract on April 1, 1920.

We have here a 49-acre tract of land improved with 58 buildings in the hands of a wealthy estate which had refused to sell any of the tract in parcels and made no attempt up to that date to dispose of the tract in its entirety. As soon as it was known that the tract had been sold and that it would be subdivided there was an immediate appreciation in its value. This increase is concretely shown in the profits reflected on the contract for the sale of 7.481 acres made by Stephens before the property was conveyed to the petitioner, which shows a gain of 47.8 per cent over the cost to Stephens.

The situation was not the same on April 1, 1920, as it had been on February 13, 1920. The petitioner acquired property which was available for sale in small tracts and in addition sales contracts reflecting a profit of 47.8 per cent over the cost of the parcels to the original purchaser in return for which it assumed the obligations due the Vanderbilt Estate and issued $100,000 par value of its stock in addition. The contracts with Taylor alone reflected a profit of $39,148 and the evidence is undisputed that the entire tract was worth from $400,000 to $500,000. Accordingly, we are of the opinion that the stock issued by the petitioner was worth par and that the cost of Biltmore Village to the petitioner was $365,000.

*Judgment will be entered under Rule 50.*